# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## GREENVILLE DIVISION

| | |
|---|---|
| RYAN CARMAN, individually and on behalf of all others similarly situated, ) ) ) | |
| **Plaintiff** ) ) | |
| ) | **CIVIL ACTION NO.:_____** |
| v. ) ) | |
| HEALTHPRO HERITAGE, LLC, ) ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) ) ) | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

1.  Defendant HealthPro Heritage, LLC (hereinafter "Defendant") failed to pay Plaintiff Ryan Carman ("Plaintiff") and others similarly situated, for all hours they worked for Defendant. As a result, Plaintiff and the potential Class Members are owed substantial unpaid wages from Defendant. Plaintiff, on behalf of himself and all others similarly situated, bring these claims against Defendant and states as follows:

## NATURE OF THE ACTION

2.  Plaintiff brings this lawsuit under the Fair Labor Standards Act ("FLSA") and under the common law of South Carolina for failing to pay for all time worked and for failing to pay all overtime wages to the Plaintiff and the proposed Class Members.

3.  Defendant is "one of the largest independently owned, diversified therapy and related service providers in the country." (*See* http://www.healthpro-heritage.com/about-us/vision-values, last visited 1/16/2020). Defendant operates across the country and employs physical therapists and therapy managers to provide physical therapy services. The Plaintiff and Class Members were employed as physical therapists and therapy managers.

1

4. Defendant's conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the FLSA Class Members, be paid at one and one-half their regular rates of pay for all hours worked in excess of forty within a single week. *See* 29 U.S.C. § 207(a).

5. Defendant's conduct violates state law because Defendant and Plaintiff had an enforceable agreement whereby Plaintiff agreed to perform work for Defendant, and in return Defendant was to pay Plaintiff and the Rule 23 Class Members at an agreed hourly rate for all time in which they performed compensable work. Even if no enforceable agreement exists, Defendant received and accepted valuable services from Plaintiff and the Rule 23 Class Members with notice that they expected to be paid hourly for these services, yet Defendant failed to pay Plaintiff and the Rule 23 Class Members for services performed on Defendant's behalf prior to clocking in and after clocking out. Defendant was aware that Plaintiff and the Rule 23 Class members performed this work, but failed to pay them at the applicable overtime and hourly rate.

6. Therefore, Plaintiff files this action to recover on behalf of themselves and Class Members all unpaid wages and other damages owed to them under the FLSA and state law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendant implement which have deprived Plaintiff and the Class Members of their lawfully-earned wages. Plaintiff seeks all overtime wages due, wages that were not paid for hours worked, liquidated damages, attorney's fees and costs.

## JURISDICTION AND VENUE

7. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically

the FLSA, 29 U.S.C. § 201, *et seq*. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

8. The state of South Carolina has personal jurisdiction in this matter because Defendant is a domestic, South Carolina company. Defendant is also subject to personal jurisdiction in South Carolina because it does business in South Carolina and in this judicial district. Further, Defendant employs workers in South Carolina, has clients in South Carolina, and owns property in South Carolina.

9. Venue is proper in the District because the violation of the law occurred in this District. That is, Plaintiff worked in this District and was not paid the proper wages due in this District. Accordingly, a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES

10. Plaintiff Ryan Carman is an individual residing in Easley, South Carolina. Plaintiff's written consent form is attached to this Complaint as Exhibit "A."

11. Defendant HealthPro Heritage, LLC is a domestic limited liability company. Defendant may be served with process through its registered agent Corporation Service Company, 1703 Laurel Street Columbia, South Carolina 29201.

12. FLSA Class Members are all of Defendant's current and former physical therapists and therapy managers employed within the three year period prior to the filing of this Complaint to the present. The FLSA Class Members will be referred herein as "FLSA Class Members."

13. Rule 23 Class Members are all current and former physical therapists and therapy managers who worked less than 40 hours in a week at any time during the three-year period before the filing of this Complaint to the present. The Rule 23 Class Members will be referred herein as

"Rule 23 Class Members." The FLSA Class Members and Rule 23 Class Members shall be collectively referred to as "Class Members."

## FLSA COVERAGE

14. At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

15. At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

16. Plaintiff and Class Members are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

17. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18. Here, Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

19. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

20. Defendant is "one of the largest independently owned, diversified therapy and related service providers in the country." (*See* http://www.healthpro-heritage.com/about-us/vision-values, last visited 1/16/2020). Defendant is the result of a merger between HealthPro Rehabilitation and Heritage Healthcare. That merger made Defendant one of the largest therapy

and related service providers in the United States.[1]  Now, Defendant employs hundreds of physical therapists, therapy managers, and similarly situated workers throughout the United States.[2]

21.     In particular, Defendant employs physical therapists and therapy managers in California, Delaware, Illinois, Ohio, New York, South Carolina, Texas, and Virginia.

22.     Defendant has employed over 500 physical therapists and therapy managers within the past three years.

23.     Plaintiff was employed by Defendant from approximately July 2017 to July 2018 as a therapy manager.  He was paid on an hourly basis and was not exempt from overtime.  He primarily performed services at the Waterstone at Augusta facility in Greenville, South Carolina.

24.     The Plaintiff and Class Members provided physical therapy services for the clients of Defendant.  They used a variety of therapy procedures designed to restore strength and coordination, and to improve movement and function.

25.     Defendant scheduled the Plaintiff and Class Members to work approximately eight hours per day, five days per week.  For purposes of calculating pay, the Plaintiff and Class Members were "clocked-in" at the time that they arrived at the therapy facility and "clocked out" at the time that they left the facility.  Thus, any time worked by the Plaintiff and Class Members prior to arriving at the facility or after leaving the facility went unpaid.

26.     As part of the job, the Plaintiff and Class Members were required to complete various reports and paperwork.  This included completing billing reports for Medicare and private

---

[1] See http://www.healthpro-heritage.com/about-us/vision-values; http://www.healthpro-heritage.com/blog/heritage-healthcare-and-healthpro ("The combined company provides contract therapy, in house therapy management, staffing, compliance and reimbursement consulting services at more than 400 skilled nursing facilities, continuing care retirement, assisted and independent living communities, hospitals, and schools. The combination creates one of the largest independent therapy providers in the profession employing in excess of 4,000 associates delivering care in twenty-two (22) states.").

[2] See http://www.healthpro-heritage.com/careers/career-opportunities ("As one of the largest therapy services providers in the country, HealthPRO®/Heritage offers more than 550 potential placement options.").

5

insurance, discharge paperwork, summaries of the work that was performed, and notes about the events of the day.

27.     Defendant also set a mandatory "productivity standard" that the Plaintiff and Class Members were required to follow.  This productivity policy required the Plaintiff and Class Members to spend approximately 80% of their eight- hour work day performing activities that could be billed to private insurance or Medicare/Medicaid.  Under Defendant's policy, the time spent completing the various reports and paperwork could not be billed to private insurance or Medicare/Medicaid.  Therefore, any paperwork and reports must have been completed during the approximately 20% allocated to "non-productive" time.

28.     Unfortunately, if more time was required to complete the paperwork and reports, that additional time was unpaid.  Indeed, Defendant's policy was that any time spent completing paperwork or reports that exceeded the allocated amount of time was not compensated.

29.     Given the amount of paperwork and reports Defendant required the Plaintiff and Class Members to complete, they were regularly forced to perform that work at home without pay.

30.     Plaintiff spent approximately thirty minutes to two hours each day completing paperwork and reports without pay. Like Plaintiff, the Class Members spent time completely the paperwork and reports without pay.  Additionally, Plaintiff and the Class Members were required to perform work on the weekends at times.  Plaintiff spent approximately two to five hours performing work during the weekends that went unpaid.   Moreover, Plaintiff and the Class Members were required to attend regular meetings and training sessions.  These sessions lasted 30 minutes to one hour on average.  Plaintiff and the Class Members were not paid for this time as well.

31. Defendant knew that the Plaintiff and Class Members were performing without pay, but still refused to compensate the Plaintiff and Class Members for that time.

32. In fact, Plaintiff had spoken with the Vice President of Compliance, Tony Barger, about work being performed without pay. However, it was made clear to the Plaintiff and Class Members that if they did not complete the required paperwork and reports, they would be disciplined.

33. The Plaintiff and Class Members were classified as non-exempt and paid an hourly rate.

34. When they worked more than forty hours in a workweek, they were entitled to overtime pay.

35. Unfortunately, Defendant established a pay structure that was designed to deny Plaintiff and the Class Members compensation for all hours worked.

36. The work activities performed by the Plaintiff and Class Members without pay were not "incidental" activities. Instead, that time was integral and indispensable to their principal activity and was compensable.

37. When Plaintiff and the Class Members completed their paperwork and reports, an electronic time-stamp was created. Although Defendant had access to this information and reviewed this information, Defendant never compared the electronic time-stamp to the time records of the Plaintiff and Class Members to ensure that they were paid for all time spent working

38. Due to the substantial amount of work assigned by Defendant, the Plaintiff and Class Members were not paid for all time worked each day.

39. The Plaintiff and the Class Members routinely and consistently worked over 40 hours in a week while performing their duties for Defendants.

40. Defendant knew and showed reckless disregard for whether Plaintiff and the Class Members were entitled to be paid for all hours worked. In fact, Defendant was told that the Plaintiff and Class Members were working significant amounts of time without pay. Yet, Defendant refused to pay them for the work.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41. Plaintiff brings this lawsuit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all employees meeting the FLSA Class definition above. Defendant has not compensated these employees for all time worked as described above.

42. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because his claims are similar to the claims possessed by the FLSA Class Members.

43. Plaintiff has actual knowledge that the FLSA Class Members have been denied compensation for time worked and pay at the overtime rate and would therefore likely join this collective action if provided a notice of their rights to do so.

44. Plaintiff is similarly situated to the FLSA Class Members. Like Plaintiff, Defendant subjected the FLSA Class Members to its common practice, policy, or plan of refusing to pay for all work performed, in clear violation of the FLSA.

45. Other workers similarly situated to Plaintiff work, or have worked, for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek.

46. Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation.

47. The FLSA Class Members perform or have performed the same or similar work as Plaintiff.

48. The FLSA Class Members regularly work or have worked in excess of forty hours during a workweek.

49. The FLSA Class Members are not exempt from receiving overtime compensation under the FLSA.

50. Defendant's failure to pay overtime wages required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

51. This action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant period.

52. The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

53. The FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

54. Although the exact amount of damages may vary among the FLSA Class Members, the damages for FLSA Class Members can be easily calculated, summed, and allocated based on a simple formula.

55. Plaintiff's and the FLSA Class Members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

56. Plaintiff estimates that the FLSA Class, including both current and former employees over the relevant period, will include more than 500 people. The precise number of the FLSA Class Members should be readily available from Defendant's personnel, scheduling, time and payroll records. The names and addresses of the FLSA Class Members are discoverable from Defendant. Given the composition and size of the Class, notice will be provided to these individuals via First Class Mail, e-mail and other modes of notice similar to those customarily used in representative actions.

57. As such, the class of similarly situated workers is properly defined as follows:

**All current and former physical therapists and therapy managers, and all employees in substantially similar positions, classified as non-exempt during the three-year period before the filing of this Complaint to the present.**

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME COMPENSATION
### (COLLECTIVE ACTION)

58. Plaintiff incorporate all allegations contained in the foregoing paragraphs.

59. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

60. Plaintiff and the FLSA Class Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

61. Defendant violated and continues to violate the FLSA when it fails to pay Plaintiff and the FLSA Class Members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and FLSA Class Members have suffered a loss of wages.

62.     Defendant's failure to pay overtime to Plaintiff and the FLSA Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## STATE LAW RULE 23 CLASS ACTION ALLEGATIONS

63.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

64.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all other similarly situated employees, pursue state-law claims for breach of contract, quantum meruit, and unjust enrichment against Defendant.

65.     Plaintiff seeks certification of the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> **All current and former physical therapists and therapy managers, and all employees in substantially similar positions, who worked less than 40 hours in a week at any time during the three-year period before the filing of this Complaint to the present.**

66.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's practice of failing to pay for all compensable work.

67.     Throughout the relevant period, whether through an agreement, handbook, and/or policy, Defendant promised to provide Plaintiff and the Rule 23 Class Members for all work they performed.

68.     Throughout the relevant period, Defendant routinely knowingly allowed Plaintiff and Rule 23 Class Members to perform work before their shift and/or after their shift without pay.

69.     Throughout the relevant period, Defendant knew that Plaintiff and the Rule 23 Class Members regularly performed work before and after their shifts because Defendant's agents

regularly encouraged, instructed, suffered and permitted Plaintiff and the Rule 23 Class Members to perform this work and observed this work being performed on a regular basis.

70. As a result, throughout the relevant period, Defendant knew that Plaintiff and the Rule 23 Class Members were not being properly compensated for all of their work.

71. Throughout the relevant period, Defendant knew that Plaintiff and the Rule 23 Class Members, regardless of their specific job title or location, regularly performed work before and after their shifts without pay.

72. Regardless, during the relevant period, Defendant failed to pay Plaintiff and the Rule 23 Class Members for the valuable services provided. In fact, Defendant specifically authorized work to be done and received the benefit of such work.

73. Defendant maintained common work, time, and pay policies and procedures during the relevant period. As a result, Plaintiff and the Rule 23 Class Members are similarly situated regardless of their job title or location, and have been regularly deprived of pay owed for work they performed in workweeks where Plaintiff and the Rule 23 Class Members worked forty hours or less.

74. As a result of their improper conduct, Defendant has retained money that they should have paid to Plaintiff and Rule 23 Class Members. By retaining this money, Defendant has received an inequitable windfall through, *inter alia*, reduced labor and operations costs and enhanced profit margins.

75. Plaintiff's state-law claims against Defendant for breach of contract, quantum meruit, and unjust enrichment against Defendant all satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

76. **<u>Numerosity</u>**. The class satisfies the numerosity standard as it is believed to number over 150 Rule 23 Class Members. Consequently, joinder of all Rule 23 Class Members in a single action is impracticable. The data required to calculate the size of the class is within the sole control of Defendant.

77. **<u>Commonality</u>**. There are questions of law and fact common to the class that predominate over any questions affecting individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a. Whether Defendant had a policy and practice of requiring the Rule 23 Class Members to perform work prior to or after their shift without pay;

   b. Whether Plaintiff and Rule 23 Class Members performed that went unpaid;

   c. Whether Defendant directed, required, requested, and/or permitted Plaintiff and Rule 23 Class Members to perform work before and after their shifts without pay;

   d. Whether Defendant knew or should have known that Plaintiff and Rule 23 Class Members were not compensated for all time worked;

   e. Whether agreements existed between Plaintiff and Rule 23 Class Members concerning payment for work performed before and after their shifts, and whether Defendant breached such agreements;

   f. Whether valuable services were rendered to Defendant by the Plaintiff and Rule 23 Class Members, and whether Defendant accepted the benefit of Plaintiff's and Rule 23 Class Members' unpaid services;

   g. Whether Defendant was unjustly enriched by Plaintiff's and Rule 23 Class Members' unpaid work;

  h. The proper measure of damages, including whether the reasonable value of such services can be based on the agreed hourly rate of pay.

78. **Typicality**. Plaintiff's claims are typical of those of the class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the prospective Rule 23 Class Members.  Like the Rule 23 Class Members, Plaintiff was subject to the identical policy being required to perform work before and after shifts without pay.

79. **Adequacy**. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the Rule 23 Class Members he seeks to represent.  The interests of the members of the class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who has experience in employment and class action lawsuits.

80. **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even if any member of the Class could afford to pursue individual litigation, doing so would unduly burden the court system.  Individual litigation of potentially hundreds of claims would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendant. A single class action can determine the rights of all Rule 23 Class Members in conformity with the interest of efficiency and judicial economy.

## COUNT TWO: BREACH OF CONTRACT

81. Plaintiff re-alleges and incorporates all allegations contained in the foregoing paragraphs.

82. A valid and enforceable agreement existed between Plaintiff and Defendant, and the Rule 23 Class Members and Defendant, the terms and conditions of which include, but are not

limited to, an agreement by Plaintiff and the Rule 23 Class Members to perform services for Defendant, and for Defendant to pay Plaintiff and Rule 23 Class Members at an agreed hourly rate for all time in which they performed compensable work.

83. Plaintiff and the Rule 23 Class Members duly performed under the agreement at Defendant's direction and for its benefit.

84. Defendant failed and refused to perform its obligations under the agreement by failing to pay Plaintiff and the Rule 23 Class Members performed work before and after their scheduled shifts.

85. Plaintiff and the Rule 23 Class Members are entitled to recover damages from these breaches for the last three years.

86. Plaintiff and Rule 23 Class Members are entitled to attorney's fees for such breach of contract.

### COUNT THREE: QUANTUM MERUIT

87. Plaintiff re-alleges and incorporate all allegations contained in the foregoing paragraphs. This claim is plead in the alternative to the breach of contract claim.

88. Plaintiff and the Rule 23 Class Members performed valuable services for Defendant before and after their scheduled shifts.

89. These services had a reasonable value no less than the agreed hourly rate.

90. Defendant accepted and retained the benefit of Plaintiff's and the Rule 23 Class Members' performance of these valuable services.

91. No contract exists between Plaintiff and Defendant, and the Rule 23 Class Members and Defendant, regarding the provision of services before and after their scheduled shifts.

92. Defendant had reasonable notice and/or knowledge that the Plaintiff and Rule 23 Class Members expected to be compensated for services rendered for the Defendant.

93. Defendant failed to pay Plaintiff and the Rule 23 Class Members the reasonable value of the services performed during unpaid meal break periods.

94. Plaintiff and the Rule 23 Class Members are entitled to recover damages under this claim for the last four years.

95. Plaintiff and Rule 23 Class Members are entitled to attorney's fees and costs under this claim.

## COUNT FOUR: UNJUST ENRICHMENT

96. Plaintiff re-alleges and incorporates all allegations contained in the foregoing paragraphs.

97. Defendant has been unjustly enriched at the expense of the Plaintiff and the Rule 23 Class Members by failing to pay for pre- and post-shift work performed by Plaintiff and the Rule 23 Class Members.

98. Defendant knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and the Rule 23 Class Members, despite its policy and practice of failing to pay Plaintiff and Rule 23 Class Members for such work. In particular, Defendant received the benefit of the labor and services provided to Defendant by the Plaintiff and Rule 23 Class Members.

99. Such wrongful conduct demonstrates bad faith and undue advantage on the part of Defendant.

100. It would be unjust and inequitable for Defendant to retain the benefit of the unpaid work performed by Plaintiff and the Rule 23 Class Members.

## DAMAGES SOUGHT

101. Plaintiff and FLSA Class Members are entitled to recover their unpaid overtime wage compensation.

102. Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages. 29 U.S.C. § 216(b).

103. Plaintiff and FLSA Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

104. Plaintiff and the Rule 23 Class Members are entitled to recover damages flowing from the breach of contract, the reasonable value of the services they provided, the value by which Defendant was unjustly enriched by receiving the unpaid labor, attorneys' fees and costs, pre-judgment and post-judgment interest as provided by law, and such other relief the Court deems fair and equitable.

## JURY DEMAND

105. Plaintiff hereby requests a trial by jury.

## PRAYER

106. For these reasons, Plaintiff and the Class Members respectfully request that judgment be entered in their favor awarding the following relief:

  a. An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

  b. An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

  c. An order finding that Defendant violated the FLSA;

  d. An order finding that these violations were willful;

  e. All unpaid wages;

 f. An equal amount as liquidated damages as allowed under the FLSA;

 g. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

 h. Such other and further relief to which Plaintiff and Class Members may be entitled at law or in equity.

        Respectfully submitted,

      By: /s/ Joshua D. Christian
        Joshua D. Christian
        1007 E. Washington St.
        P.O. Box. 332
        Greenville, SC 29601
        Telephone : (864) 232-7363
        Facsimile : (864) 370-3731

    AND

        Don J. Foty
        dfoty@hftrialfirm.com
        Texas State Bar No. 24050022
        (will apply for admission *pro hac vice*)
        4409 Montrose Blvd, Ste. 200
        Houston, TX 77006
        Telephone: (713) 523-0001
        Facsimile: (713) 523-1116

        **COUNSEL FOR PLAINTIFF AND CLASS MEMBERS**